IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREA D. SPRATLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19-cv-00837 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MABREY, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Andrea D. Spratley, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. His complaint, which consists of an original complaint and a supplemental complaint as ordered by the court (Dkt. Nos. 1, 4) alleges that a prison disciplinary proceeding against him violated his due process rights. He names as defendants the hearing officer for that disciplinary conviction (Mabrey), and the warden (Hamilton) and regional administrator (Walrath), to whom he appealed his disciplinary conviction.[1]

Pending before the court is defendants' motion to dismiss, to which Spratley has responded. For the reasons set forth herein, the court will grant the motion to dismiss.

I.   BACKGROUND

According to the complaint, Spratley was issued a disciplinary charge in January 2019, for lewd or obscene acts directed toward or in the presence of another. At the disciplinary hearing on the charge, held within a month, officer Mabrey denied Spratley's requests for a witness and for video evidence. She further determined that there was sufficient evidence to find Spratley guilty and so entered a finding of guilty, assessing a $12.00 fine. Spratley alleges that this conviction

---

[1] Spratley alleges that an unnamed VDOC staff member told him that Hamilton did not receive his direct appeal, and argues that is not believable. (Resp. 2–5, Dkt. No. 24-1.) Regardless of whether Hamilton received it, Spratley alleges that Hamilton never responded. Spratley then filed a Level II appeal with Walrath, who addressed the merits of Spratley's arguments, determined that Mabrey had not erred, and upheld the conviction and penalty.

reduced his good time earning level, such that he was earning only 20 days' good time for every 30 days served instead of 30 days' good time for every 30 days served. He also alleges that this, in turn, delayed his mandatory parole release date and, he claims, reduced the likelihood that he would be granted discretionary parole.

He alleges that the failure to allow his witness and video evidence of the underlying incident violated his Fourteenth Amendment due process rights. He further alleges that Hamilton and Walrath failed to correct the errors on appeal.

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B. A Small Fine Does Not Trigger Due Process Protections

Spratley's claim alleges a violation of his Fourteenth Amendment due process rights. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "A liberty interest may arise from the Constitution itself,

by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). At least in the context of liberty interests, the Supreme Court has squarely held that an inmate establishes a constitutionally protected liberty interest by showing an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest).

Defendants argue that the $12 monetary fine imposed here is insufficient to trigger constitutional due process protections, and the court agrees. As several judges of this court have recognized: "[S]mall monetary penalties and penalties that do not impose restraint do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life and are not constitutionally protected interests under the Due Process Clause." *Roscoe v. Mullins*, No. 7:18CV00132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) (granting summary judgment in defendants' favor as to the due process claim where the only penalty imposed was a $15 penalty), *aff'd on other grounds*, No. 19-7343 (4th Cir. Oct. 28, 2020); *Ferguson v. Messer*, No. 7:15CV00140, 2017 WL 1200915, at *8 (W.D. Va. Mar. 30, 2017) (concluding that three $12 fines did not give rise to a protected property interest); *Bratcher v. Mathena*, No. 7:15CV00500, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) (finding $12 fine did not pose an atypical and significant hardship on the plaintiff in comparison to the ordinary incidents of prison life and so did not constitute a loss of a property interest). *But see Bowling v. Clarke*, No. 7:19CV00453, 2021 WL 440794 (W.D. Va. Feb. 8, 2021) (reaffirming earlier ruling that a $15 fine triggered due process

protections, but concluding that defendants were entitled to qualified immunity on this issue).[2] Like the plaintiffs in *Roscoe*, *Ferguson*, and *Bratcher*, Spratley was subjected only to a small fine ($12)—a penalty that is insufficient to give rise to a protected property interest in the context of prison life under the rationale of *Sandin*.[3]

Because the court concludes that the fine imposed on Spratley for the disciplinary conviction did not place any atypical and significant hardship on him in comparison to the ordinary incidents of prison life, *Sandin*, 515 U.S. at 484, it did not trigger due process protections.

## C. Spratley Has No Liberty Interest in His Good Time Earning Level

Much like the small fine, any effect of the conviction on Spratley's good time earning level does not trigger due process protections. First of all, as a factual matter, good time earning levels are determined by a separate process, albeit one that takes into account disciplinary convictions. *See generally* VDOC Operating Procedure 830.3, *Good Time Awards* (Feb. 20, 2020), *available at* https://vadoc.virginia.gov/files/operating-procedures/800/vadoc-op-803-3.pdf.

In any event, and even if Spratley's disciplinary conviction directly resulted in a lower good

---

[2] Defendants here did not ask for qualified immunity on this issue. Had they done so, however, the court likely would have held that they were entitled to it. *See, e.g.*, *Roscoe v. Kiser*, No. 7:18CV00332, 2020 WL 4677510, at *3 (W.D. Va. Aug. 12, 2020) (Dillon, J.) (holding that officers were entitled to qualified immunity as to a disciplinary fine imposed in 2017 because it was not clearly established at the time that such a fine would trigger due process protections).

[3] The Fourth Circuit has not yet spoken directly on this issue, but some courts have questioned whether *Sandin*'s analysis—requiring that the particular hardship be "atypical and significant" to create a constitutionally protected interest—applies in the context of property deprivations, given that *Sandin* addressed whether a particular deprivation implicated a liberty interest. *See Anderson v. Dillman*, 824 S.E.2d 481, 483–84 (Va. 2019) (noting the disagreement among federal courts on this issue and discussing the different rationales underlying the decisions). In particular, the *Anderson* court noted that cases from the Sixth and Tenth Circuits have applied *Sandin* in the context of property rights, while the Third and Fifth Circuits have stated *Sandin* does not control in a case involving a property interest. *Anderson*, 824 S.E.2d at 483 & n.4 (collecting authority); *see also Steffey v. Orman*, 461 F.3d 1218, 1222 n.3 (10th Cir. 2006) (identifying the Second and Fifth Circuits as holding that *Sandin* applies only to liberty interests and the Sixth and Ninth Circuits as suggesting, but not holding, the same). The Fourth Circuit indicated, albeit in an unpublished decision, that *Sandin* is applicable in this context when it applied *Sandin* to conclude that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job." *Backus v. Ward*, 151 F.3d 1028, 1998 WL 372377, at *1 (4th Cir. 1998) (unpublished); *but cf. Burks v. Pate*, 119 F. App'x 447, 450–51 (4th Cir. 2005) (relying on a since-overruled Tenth Circuit decision for proposition that a prisoner has a protected property interest in his prison account funds and concluding that defendants' removal of $249 from plaintiff's account to pay his hospital bill triggered due process protections).

time earning level, it still would not support a due process claim. A number of courts have held that Virginia prisoners have no liberty interest in any particular classification or good conduct time earning rate, either derived from the United States Constitution, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), or as the result of Virginia laws or policies, *Garner v. Clarke*, No. 7:18CV00560, 2019 WL 4455984, at *2–3 (W.D. Va. Sept. 17, 2019), *appeal dismissed and remanded for further consideration of the due process claim*, No. 19-7601 (4th Cir. Oct. 23, 2019). *See also Mills v. Holmes*, 95 F. Supp. 3d 924, 931–34 (E.D. Va. 2015) (analyzing Virginia statutes and VDOC regulations and concluding that "maintaining a particular ... earning level" for good conduct "is not a protected liberty interest in Virginia"). The Fourth Circuit has also so held, although in an unpublished decision. *West v. Angelone*, 165 F.3d 22, 1998 WL 746138, at *1 (4th Cir. 1998) (unpublished table decision) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level . . . ."). Thus, no due process claim can be asserted based on any change in Spratley's good time earning level as a result of this conviction.

**D.  Potential Effect on Parole Eligibility**

Spratley's last claimed effect is that the disciplinary conviction might adversely affect the likelihood of his being granted parole. Again, there is not a direct correlation between this conviction and a subsequent Virginia Parole Board's decision as to whether he should be granted parole. But even if the disciplinary conviction had a direct connection to any future parole decision, it still does not trigger due process protections because he does not have a cognizable liberty interest in being paroled. A state may create a protected liberty interest if its statutes give rise to a legitimate expectation of receiving parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Virginia's parole system, however, does not create such a liberty interest.[4] *Hill v. Jackson*,

---

[4] If Spratley were challenging a failure to grant him mandatory parole under Virginia Code Ann. § 53.1-159, the result could be different. *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991). His complaint does not so allege.

5

64 F.3d 163, 170 (4th Cir. 1995); *Gaston v. Taylor*, 946 F.3d 340, 344 (4th Cir. 1991); *Cruz v. Ray*, No. 7:09CV195, 2009 WL 1606584, at *1 (W.D. Va. June 8, 2009) (citing Virginia Code § 53.1-155 and rejecting plaintiff's argument that a disciplinary conviction gave rise to a protected liberty interest because it could affect his eligibility for parole). Thus, while he may have a limited liberty interest in being considered for parole eligibility, *see Hill*, 64 F.3d at 170, he does not have a liberty interest in actually being paroled, which is the interest he is claiming. Accordingly, this effect also fails to trigger due process protections.

### III.  CONCLUSION

Because Spratley's complaint fails to state a constitutional deprivation actionable under § 1983, the motion to dismiss will be granted.

An appropriate order will be entered.

Entered: February 10, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge